STATE OF MINNESOTA *vs.* MAJOR VOREY.

June 27, 1889.

Rape—Requisites of Indictment.—In a prosecution for rape, under Penal Code, § 235, the indictment should state the acts constituting the offence so as to advise the accused in which one of the different ways specified in that section he is charged with having committed the crime.

Same—Variance.—Under an indictment under the third subdivision for rape committed by preventing the resistance of the female by fear of immediate and great bodily harm, etc., the defendant cannot be convicted, under the second subdivision, of rape committed by overcoming her resistance by force.

The defendant was tried in the district court for Clay county, before *Mills,* J., on an indictment for rape which charged that "the said Major Vorey, on the 7th day of October, A. D. 1888, in the county of Clay and state of Minnesota, did feloniously, against the will and without the consent of * * * , a female above the age of 50 years and not the wife of said Major Vorey, forcibly ravish said * * * , and have illicit intercourse with her, said * * * , when her resistance was prevented by fear of immediate and great bodily harm then and there imminent, which she, said * * * , had reasonable cause to believe would be inflicted upon her, and also then and there forcibly overcome; contrary to the statute," etc. At the close of the evidence in chief for the state, and again at the close of the case, the defendant's counsel moved for a dismissal, on the grounds (1) of failure of proof; (2) that there is no proof to show that the complaining witness was under fear or in imminent danger, and (3) that the indictment charges two distinct offences in one count. The motion was denied, and the court instructed the jury that there was not sufficient proof to convict under Penal Code, § 235, subdiv. 3, but the case was submitted to them under subdivision 2, of the same section. A verdict of guilty was followed by a denial of motions in arrest of judgment and for a new trial, and the defendant was sentenced to imprisonment at hard labor for seven years. The court thereupon, at defendant's request, reported the case to this court for decision of the following questions: "1. Is the evidence sufficient to support a conviction of the crime charged in the indictment? 2. Does the indictment state facts sufficient to constitute a public offence? 3. Is there a fatal variance between the evidence and the allegations of the indictment?"

*Moses E. Clapp,* Attorney General, and *W. B. Douglas,* for the State.

*Greene & Hildreth,* for defendant.

MITCHELL, J. Under Penal Code, § 235, there are five several distinct acts or ways by which a person may commit the crime of rape, the second of which is when the resistance of the female is overcome by force, and the third "when her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to

believe will be inflicted upon her." The indictment should charge the acts constituting the alleged rape so as to advise the accused in which one of these different ways he is charged with having committed the crime. *State* v. *Henn*, 39 Minn. 464; (40 N. W. Rep. 564;) *People* v. *Demar*, 106 N. Y. 502; *People* v. *Dimick*, 107 N. Y. 13.

The indictment in this case was evidently framed as an indictment under the third subdivision of the section, viz., where the resistance of the female was prevented by fear, etc., and, if good at all, it is under that subdivision. The allegations peculiar to an indictment for rape committed in that way cannot be treated as surplusage; and, even if they could, there would not be enough left in this case to constitute a good indictment under the second subdivision.

Upon the trial the court instructed the jury that there was no evidence to justify a conviction under the third subdivision, but that they might convict the defendant, under the second subdivision, of rape committed by overcoming the resistance of the prosecutrix by force. This last was clearly error, because, for the reasons already suggested, this was not the offence charged in the indictment.

Judgment reversed.