STATE OF NORTH DAKOTA, Defendant in Error *v.* EDWARD FALLON, Plaintiff in Error.

### Criminal Law—Proof of Collateral Offense—Variance.

1.   Where an information charges the defendant with the crime of an assault with a dangerous weapon, to-wit, a pistol, with intent to commit a felony, and describes the assault as committed by then and there shooting a loaded pistol at and against the party assaulted, with intent to rob him, and the evidence shows that the assault was committed by thrusting the pistol in the face of the party assaulted, and demanding his money, and that the pistol was not discharged until after the assailant had started to make his escape, there is a fatal variance between the allegations and the proof.

2.   In such a case the jury may not, in the absence of any evidence to support it, indulge the presumption that at the instant the pistol was fired the defendant conceived the intent to return, and persist in the attempt to commit robbery.

3.   When a prisoner is on trial charged with a specific offense, it is not error to admit proof of a collateral offense committed by the prisoner, when such collateral offense is connected with the specific offense in such manner that proof of the commission of the collateral offense has a legal and logical tendency to establish some fact necessary to be established in proving the specific offense.

(Opinion Filed May 18, 1892.)

*E*RROR to district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*M. A. Hildreth,* for plaintiff in error. *L. A. Rose,* State's Atty., and *C. A. M. Spencer,* Atty. Gen., for the State.

Prosecution againt Edward Fallon for an alleged assault with intent to commit robbery. Verdict of guilty, and judgment thereon. Defendant brings error. Reversed.

The opinion of the court was delivered by

BARTHOLOMEW, J. Edward Fallon, the plaintiff in error, was informed against, with one Howard, charging them with the crime of making an assault with a dangerous weapon, to-wit, a pistol, with intent to commit a felony, and the circumstances of the offense were charged in the following language: "That at said time and place, the said defendants, in and upon one Charley Curfman, did then and there unlawfully, feloniously, and with premeditated malice make an assault, and then and there, at and against him, the said Charley Curfman, did unlawfully and feloniously, and with premeditated malice, shoot a certain pistol, then and there loaded with gunpowder and a leaden ball, with the intent then and there upon and against him, the said Charley Curfman, to commit the crime of robbery." Sections 6481, 6482, Comp. Laws, read as follows: "Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. To constitute robbery, the force or fear must be employed either to obtain or to retain possession of the property or to prevent or overcome resistence to the taking. If employed merely as a means of escape, it does not constitute robbery." The state may fairly claim that the evidence establishes the following facts: The assault occurred between 8 and 9 o'clock on the evening of October 29, 1891, in the bright rays of an electric light, very near the west end of what is known as the "North Bridge" across the Red river, in the city of Fargo. Curfman, the party assaulted, had started to go east across the bridge. Before reaching the bridge he passed the plaintiff in error, who

asked him for the price of a drink, which was refused. After passing, Curfman noticed plaintiff in error following him. Just before reaching the bridge Howard, coming from the opposite direction, met Curfman, and ordered him to halt, and presented a revolver in his face. At the same time plaintiff in error ordered him to throw up his hands. They exchanged a few words, when plaintiff in error grabbed Curfman's watch chain, and said, "Give us your money." At that instant footsteps were heard approaching, and the assailants started to run. When fifteen or twenty feet distant from Curfman they wheeled, and Howard fired the pistol, hitting Curfman in the jaw. The assailants then immediately disappeared in the darkness in some woods south of the bridge. At the proper times counsel for the plaintiff in error raised the point that there was a fatal variance between the allegations in the information and the proofs, and asked the court to advise an acquittal for that cause. The request was denied.

Counsel contends that, while the information charges that the shooting was done with intent to commit robbery, yet the evidence shows that the assault with intent to rob was a completed event before the shooting was done, and that the shooting was done for the purpose of facilitating the escape of the assailants, and, without claiming the evidence insufficient in the absence of proof of the shooting to establish the charge of an assault with a dangerous weapon with intent to commit robbery, it is urged that, as the pleader saw fit to allege the particular circumstance and acts descriptive of the assault, the assault must be proven in the manner and by the means alleged, or the variance will be fatal. This proposition is supported by the following authorities, among others: Greer v. State, 50 Ind. 267; Dennis v. State, 91 Ind. 291; Gray v. State, 11 Tex. App. 411; Withers v. State, 21 Tex. App. 210; State v. Newland, 7 Iowa, 242; State v. Vorey, 41 Minn. 134, 43 N. W. Rep. 324; Com. v. Richardson, 126 Mass. 34—and is undoubtedly among the elementary principles of criminal procedure. The learned counsel for the state frankly admits the proposition, but seeks to avoid its force by claiming that the jury were warranted in finding that when the shot was fired the assailants

intended to persist in their purpose of robbing Mr. Curfman. Two insurmountable objections to that position suggest themselves: First, the question was not submitted to the jury. They were not told that, if they found the shooting was done to facilitate the escape of the assailants, it would be their duty to return a verdict of not guilty. The instructions were silent upon that point, and, in the absence of all restraint in that direction, under the facts stated, a verdict of guilty was virtually a foregone result. Again, if the jury had been so instructed, a conviction would not stand. There is nothing in the evidence to show that at the instant the shot was fired the assailants had any intent whatever to persist in their purpose to rob Mr. Curfman. Rather, the whole evidence shows that all intent to commit robbery had been abandoned, and the assailants were bent solely upon making their escape from the parties whose approach was heard, and from the consequences of their acts. It is possible the other intent may have been present, but no man should be convicted when the pivotal fact upon which guilt depends is a mere matter of conjecture. For this error the judgment must be reversed, and a new trial awarded.

But another ruling is assigned as error, which may arise upon another trial, and hence it becomes proper for us to notice it. The state introduced as a witness one Fiest, who, against the objection of plaintiff in error, was permitted to testify that on the evening of the alleged assault, and only a very short time before the occurrence, he saw plaintiff in error and said Howard on the same street and but a short distance from the place where the assault was made upon Mr. Curfman; that Howard pushed a revolver in his (witness') face, and ordered him to get off the street. It is claimed that the state ought not to have been allowed to prove a distinct and collateral offense. It is often difficult to distinguish the effect of prejudice from the effect of proof. When a prisoner is on trial charged with a special offense, the proof of a commission by him of a distinctively collateral offense, or of any number of collateral offenses, whatever be their character, is, as a general rule, no proof whatever of the commission of the offense charged. Yet such proof would produce most damaging prejudice in the minds of

the jurymen. A party must not be convicted of crime upon proof of a criminal disposition, however depraved or however pronounced. Nor should a prisoner on trial be expected to be prepared to defend his entire past record. No such demand is made upon him. He is simply required to defend against the specific offense for which he is on trial. For these reasons courts have almost uniformly held that proof of a collateral crime could not be introduced, unless there was such a logical connection between the collateral offense and the offense charged that the proof of the collateral offense furnished some legal evidence tending to establish some fact necessary to be established in proving the crime charged. There are some exceptions to this rule pertaining to offenses of a peculiar nature, but they do not affect this case, and need not be specifically noticed. The whole subject, including the cases on both sides and the exceptions, will be found fully discussed and exhausted in the great case of State v. LaPage, 57 N. H. 245, 2 Amer. Crim. Rep. 506.

But, keeping this rule in view, we do not think the court erred in admitting the testimoney of the witness Fiest. That testimony tended directly to establish the fact that the prisoner was in the immediate locality where the crime charged was alleged to have been committed, at or near the time of its commission. That fact might have been shown, however, without going to the extent of proving the assault upon the witness Fiest. But proof of such assault had a direct tendency to establish method and system in the conduct of the prisoner and Howard, and to explain the character and purpose of their further acts. If they contemplated a criminal enterprise, and were there for that purpose, they would naturally object to having witnesses to their conduct, and, if they drove the witness Fiest from the locality, the inference is legitimate and logical that they then contemplated a criminal enterprise. We think the testimony was proper, under State v. LaPage, *supra;* and see, also, Guthrie v. State, 16 Neb. 667, 21 N. W. Rep. 455; Kramer v. Com. 87 Pa. St. 299; Thayer v. Thayer, 101 Mass. 111. But for the error hereinbefore pointed out the district court is directed to set aside the judgment heretofore entered in this case, and proceed in a manner not inconsistent with this opinion. Reversed. All concur.