### STATE v. WILLIAM HANN.

#### July 1, 1898.

#### Nos. 11,034—(17).

**Rape—Indictment Sustained—G. S. 1894, § 6523.**

An indictment charged the defendant with the crime of rape, committed as follows, to wit: That [at a time and place named] he "did wrongfully, unlawfully and feloniously, without the consent of B., a female of the age of 16 years and not the wife of said" defendant, "forcibly ravish and have sexual intercourse with the said B.; that then and there the said B. was an imbecile and was of unsound mind, and, by reason of such imbecility and unsoundness of mind, the said B. was then and there incapable of giving consent to the said ravishing and sexual intercourse," etc. *Held*, that the indictment stated facts constituting the crime of rape, as defined by G. S. 1894, § 6523.

**Same—Not More than One Offense Charged.**

Also, that it did not charge more than one offense.

**Same—Section 6523, subd. 2—Forcibly Ravish—Imbecile.**

Also, assuming, without deciding, that the crime of rape may be charged as having been committed in the ways and under the circumstances described in two or more subdivisions of the section referred to, also that the words "forcibly ravished," if standing alone, would constitute a good indictment under the second subdivision (overcoming the female's resistance by actual force), yet the word "forcibly," being followed by and connected with allegations that the female was, by reason of mental imbecility, incapable of giving her consent to the act, must be construed as re-

ferring merely to constructive force, which, at common law, was always deemed to exist when the female's legal consent was wanting.

Indictment in the district court for Goodhue county for rape. Defendant's demurrer was overruled by Crosby, J., and at defendant's request the case was certified to the supreme court.   Affirmed.

*Henry W. Morgan,* for defendant.

The indictment should state the facts so as to advise the accused in which one of the different ways specified in G. S. 1894, § 6523, he is accused of the crime of rape.   State v. Vorey, 41 Minn. 134.

*H. W. Childs* and *George B. Edgerton,* for the State.

Under the first subdivision of section 6523, relating to females of unsound mind, it is not necessary that any act of the defendant should produce the unsoundness of mind; but, if the female is in that condition, the crime is committed, whether force is used or not.

MITCHELL, J.[1]

The defendant was indicted for the crime of rape, committed as follows, to wit:   That (at a time and place named) he

"Did wrongfully, unlawfully and feloniously, without the consent of B., a female of the age of 16 years and not the wife of the said William Hann, forcibly ravish and have sexual intercourse with the said B.; that then and there the said B. was an imbecile and was of unsound mind; and that, by reason of such imbecility and unsoundness of mind, the said B. was then and there incapable of giving consent to the said ravishing and sexual intercourse; and that then and there, in manner aforesaid, the said William Hann committed the crime of rape, contrary to the form," etc.

To this indictment the defendant demurred, on the grounds (1) that it charged more than one offense, and (2) that the facts stated therein did not constitute a public offense.   The court below overruled the demurrer, and certified the case to this court.

By the Penal Code, rape is defined as an act of sexual intercourse with a female of the age of 14 years or upwards, not the wife of the perpetrator, against her will or without her consent—First, when through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, she is incapable of giving consent; or, sec-

[1] BUCK, J., absent, took no part.

ond, when her resistance is forcibly overcome; or, third, when her resistance is prevented by fear of immediate and great bodily harm, etc.; or, fourth, where her resistance is prevented by stupor, etc., produced by an intoxicating, etc., agent administered by or with the privity of the defendant; or, fifth, when she is at the time unconscious of the nature of the act, and this is known to the defendant. G. S. 1894, § 6523. In whatever way the crime is committed, the punishment is the same.

The point that the indictment does not state facts constituting the crime of rape is clearly not well taken. It certainly does charge the facts constituting that crime under the first subdivision of the section.

Neither is there anything in the point that it charges two crimes. The only crime charged is rape. The most that could possibly be urged against the indictment is that it charges the commission of that crime in two different ways, viz.: Under the first subdivision, by taking advantage of the female's imbecility and consequent incapacity to consent to the act; under the second subdivision, by forcibly overcoming her resistance. The common-law rule was that, where a crime might be committed by different means, they might be all alleged in the same count if not repugnant, and proof of any one would sustain the allegation. 1 Bishop, Cr. Proc. § 453. The statute provides that, where an offense may have been committed by the use of different means, the indictment may allege the means in the alternative. G. S. 1894, § 7243. There is no repugnancy between an allegation that defendant forcibly overcame the female's resistance, and an allegation that, by reason of mental imbecility, she was incapable of giving her legal consent to the act. Both might be true. We may therefore assume, without deciding, that both may be alleged, and a conviction had upon proof of either.

But at common law an allegation that the defendant "forcibly ravished" a female constituted a good indictment in all the various instances which constituted the crime of rape, whether the force was actual or constructive. The statute presents a definition of the crime which includes and classifies all these various instances, with perhaps some others which would not have fallen within the

common-law definition, or, at least, upon which the common-law authorities were divided. The effect of this statutory classification and subdivision is that it is now necessary that the indictment should advise the defendant in which of these different ways he is charged with having committed the offense. State v. Vorey, 41 Minn. 134, 43 N. W. 324. The second subdivision evidently refers to cases where the resistance of the female was overcome by actual force.

Whether the words "forcibly ravished," if standing alone, would be an equivalent for an allegation that the female's "resistance is forcibly overcome," and would constitute a good indictment under the second subdivision (contrary to a dictum in State v. Vorey, supra), we need not decide. But when these words are followed by, and connected with, allegations that the female was an imbecile, and of unsound mind, and incapable of giving her consent to the act, the latter must be held to qualify the previous general allegation, so that the word "forcibly" is to be construed as meaning merely constructive force, which at common law was deemed to exist whenever the female's legal consent was wanting.

Our conclusion, therefore, is that the indictment is good under the first subdivision of the section, but not under any other.

Order affirmed.