# STATE OF NORTH DAKOTA v. FLOYD MILLER.

(128 N. W. 1034.)

**Criminal Law — Intoxicating Liquors — Importation for Sale as Beverage — Intent — Proof of Similar Offenses — Instructions.**

1. On a prosecution for the crime of importing into this state intoxicating liquors for sale or gift as a beverage, proof that the defendant did, prior to the time set out in the information, but within one or two months prior thereto, sell intoxicating liquors, is admissible only as bearing on the intent with which the act for which the accused is informed against was done.

**Criminal Law — Trial — Refusal of Request — Request Embraced in Charge Given.**

2. The charge as a whole states the law correctly. Hence, no error was committed in refusing defendant's requests for instructions.

Opinion filed November 25, 1910.

Appeal from County Court, Ransom county; *Honorable F. S. Thomas,* J.

Action by the state of North Dakota against Floyd Miller. From a judgment in favor of plaintiff, defendant appeals.

Affirmed.

*Chas. S. Ego,* for appellant.

*T. A. Curtis,* State's Attorney, and *Andrew Miller,* Attorney General, for respondent.

CARMODY, J.   Appellant was informed against for the crime of importing into this state intoxicating liquors for sale or gift as a beverage. It appears from the evidence that appellant received 1 gallon of whisky and one case of beer by express on November 3d, 1909, and a consignment of a like kind and quantity on November 5th. Appellant explained the proximity of the second shipment to the first by offering evidence tending to prove that a larger portion of the first

---

Note.—The right to introduce in a criminal proceeding evidence of other crimes in order to show the intent with which the act for which the accused is on trial was done is one of the well-recognized exceptions to the rule forbidding evidence of other crimes in criminal case, as shown by the authorities analyzed and reviewed in an elaborate note in 62 L.R.A. 194.

consignment was stolen. The prosecution produced one James Hall, who had pleaded guilty to a violation of the prohibition law and was serving sentence therefor. It was sought by his testimony to show that the defendant had been guilty of violations of the prohibition law during the months of September and October, 1909. The jury returned a verdict of guilty. Judgment was had upon the verdict, from which judgment defendant appeals.

Appellant assigns twelve errors, but they can be classified into two groups,—one on the admission of testimony, and the other on the court's instructions to the jury. The state relied for a conviction upon the importation of intoxicating liquors for sale or gift as a beverage, and after the importations of November 3d and 5th were proven, the witness Hall, who had worked for appellant on a threshing rig during the fall of 1909, over the objection of appellant that the evidence was incompetent and irrelevant, in that it tends to prove the commission of another offense than that charged in the information, and as calling for a conclusion, testified in substance that he and Miller drove around the country for five or six days with Miller's team, with boxes of liquor in the rig; that there was an agreement between him and Miller to go out and sell liquor; this agreement was made after they got through threshing; in pursuance of such agreement he, Hall, went out and sold liquor. Did not know as Miller sold any liquor, could not say whether he did or not. Appellant paid witness for some liquor. Did not know that appellant handed out any boxes to persons, but thought he did; witness ordered his liquor from Moorhead; it came in his name, except one case, which came in appellant's name, with his permission; would not swear that appellant made more than one sale. He either made a sale or drank it himself. On cross-examination the witness testified that he did not see appellant make a sale; did not see him take any money; the agreement was that witness should do the selling. The agreement was made in September, about the 15th or possibly the 25th; thought they went first to Anselm; did not remember whether they drove back to Lisbon or Sheldon from Anselm; attended a dance at Ed. Thompson's; had liquor with them at the time; did not remember to whom he sold; did not remember to whom Miller sold; did not see him make a sale. He gave witness some money, but witness did not remember how much. The reason he thought appellant made sales was that he said so. Ap-

pellant and witness talked over the amount of sales each had made; they tried to compare accounts; accounts did not come up just right.

This evidence was introduced not to convict the defendant, but to show the intent of the defendant in importing liquor. The rule seems to be that similar offenses in cases of this kind may be shown, first, to prove the intent; second, when they are part of one criminal scheme or system. The defendant was charged with the crime of importing intoxicating liquors into this state for sale or gift as a beverage. When it was proved that he had imported the intoxicating liquors, as charged in the information, then the fact that he had, previous to that time, made sales, and that he and the witness Hall had an agreement to make sales; that they drove around the country together with whisky in the buggy,—was admissible to show the intent of appellant in importing the intoxicating liquors.

Courts have almost uniformly held that proof of a collateral crime could not be introduced, unless there was such a logical connection between the collateral offense and the offense charged that the proof of the collateral offense furnished some legal evidence tending to establish some fact necessary to be established in proving the crime charged. The testimony of Hall tended to directly establish the fact that he and the defendant were engaged in selling intoxicating liquors; that most of the liquor had come in the name of witness Hall, but one shipment at least had come in the name of appellant, previous to the importation for which he was convicted. Pearce v. State, 40 Ala. 720; State v. Lapage, 57 N. H. 245, 24 Am. Rep. 69, 2 Am. Crim. Rep. 506; People v. Molineux, 168 N. Y. 264, 62 L.R.A. 193, 61 N. E. 286; State v. Fallon, 2 N. D. 510, 52 N. W. 318; State v. Kent (State v. Pancoast), 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; State v. Murphy, 17 N. D. 48, 17 L.R.A.(N.S.) 609, 115 N. W. 84, 16 A. & E. Ann. Cas. 1133.

On this phase of the case the court charged the jury as follows: "Gentlemen of the jury, there has been some evidence introduced here that the defendant did, prior to the time set out in the information, but within one or two months prior thereto, sell intoxicating liquors to divers persons. This evidence is before you simply for the purpose of aiding you in coming to your conclusion as to the purpose for which these liquors were imported. Before you can convict, you must

be satisfied beyond a reasonable doubt that the liquors were imported for the purpose of sale contrary to law." In this instruction there is no error. Appellant requested the following instruction: "In weighing the testimony of a witness you shall take into consideration his general character, what his business is and has been, who he is, where he comes from, and what his antecedents are, if the same have been proven. These are all the circumstances which are proper for you to consider in determining for yourselves just what weight should be given the testimony of any particular witness, whether for the state or for the defendant." In lieu thereof, the court gave the following instruction: "Gentlemen of the jury, you are the sole judges of the credibility of the witnesses and of the weight to be given their testimony. You may take into consideration their interest, bias, or prejudice, if any, their relationship to the parties and to the case, if any, the probability or improbability of the story related by them, and any and all other facts and circumstances in evidence which, in your judgment, would add to or detract from their credibility or the weight of their testimony." This instruction, we think, is sufficient. The appellant complains of the instruction, and particularly that the court used the words "may take into consideration," in place of "should take into consideration." While it might have been proper to have used the word "should," still the defendant could not have been prejudiced by the use of the word "may."

The charge as a whole states the law correctly, and was as favorable to the defendant as he could expect.

Finding no prejudicial error the judgment appealed from is affirmed. All concur.