## STATE v. ALMON B. CLARK.[1]

May 19, 1911.

Nos. 16,966—(1).

**Duty of state's attorney.**

A prosecuting attorney in a criminal case is not bound to make his argument to the jury colorless, or argue both sides of the case, if defendant is represented by counsel, and he may present forcibly the state's side of the case.

**Same — what constitutes misconduct.**

He is not, however, justified in thrusting his personality into the case and expressing his opinion that the defendant is guilty, or stating as a fact anything except what the evidence tends to prove, or which he expects in good faith to prove. If he violates this rule, he is guilty of misconduct.

**Evidence.**

Evidence considered, and *held*, that the prosecuting attorney was guilty of misconduct, which was prejudicial to the substantial rights of the defendant.

Defendant was indicted by the grand jury of Martin county of the crime of carnal knowledge of a female child under the age of fourteen years, and upon being arraigned before the district court for that county pleaded not guilty. He was tried before Quinn, J., and a jury which rendered a verdict of guilty. From the judgment and from an order denying his motion for a new trial, defendant appealed. Reversed, and new trial granted.

*Albert R. Allen,* for appellant.

[1]Reported in 131 N. W. 369.

*George T. Simpson,* Attorney General, *Lyndon A. Smith,* Assistant Attorney General, and *J. E. Palmer,* County Attorney, for the State.

START, C. J.

The defendant was convicted, upon a verdict of guilty, in the district court of the county of Martin, of the crime of carnally knowing a female child under fourteen years of age, and sentenced to hard labor in the state's prison for the term of seven years. He appealed from a judgment and order denying his motion for a new trial.

His alleged errors are numerous, but the here important ones fall within two general groups: (a) Those relating to the question of the sufficiency of the evidence to justify his conviction of the felony; and (b) those relating to the charge of misconduct on the part of the counsel for the state. The direct evidence on the question of his guilt was radically conflicting; the complaining witness testifying to the commission of the offense, and he denying it. There was evidence of collateral facts of much probative force, indicating private motives for the prosecution. No charge was made against defendant for two years and four months after the alleged offense was claimed to have been committed, and not until civil litigation was pending between the defendant and the complaining witness' foster father.

We have considered the whole evidence, and reached the conclusion that, if the alleged misconduct of the prosecuting attorney be eliminated, the evidence is sufficient to sustain the verdict, within the rule applicable to such questions when raised in this court. Nevertheless, so far as we are able to judge from the record, if the jury had found the defendant not guilty, the verdict could not have been fairly criticised. Therefore, if the defendant, by reason of the conduct of the prosecuting attorney, did not have a fair trial, there must be a new trial, for the defendant's guilt was not so clearly shown that we could say that, if the prosecuting attorney was guilty of misconduct, it was not prejudicial.

The state was not represented on the trial by any public officer, but by private attorneys appointed by the court, for the reason

that there was then a vacancy in the office of county attorney. No objection was made to such appointment, and presumably it was a proper one, and we here refer to it only for the purpose of disclosing the relation of the appointees to the case. Complaint is made of the conduct of only one of the appointees, a member of the bar of Freeborn county, who is hereafter referred to as the prosecuting attorney.

Where an attorney is appointed by the court to represent the public in the prosecution of a criminal case, in the absence of the county attorney, he owes the same duties to the public and to the accused as the county attorney would, if personally conducting the prosecution. The duties and obligations of a prosecuting officer are not simply those of an attorney in a civil action; for behind him, and largely at his command, are all the forces of organized society. He has by virtue of his office, if worthy of it, great influence with juries, and he should never forget that he is the representative of the sovereignty and justice of the state, and that he must bear himself, in the discharge of his official duties, as a minister of justice, and never as a partisan. He is not bound to make his argument to the jury colorless, or argue both sides of the case, if the defendant is represented by counsel; but he may present forcibly the state's side of the case. He is, however, never justified in thrusting his personality into the case, and expressing his opinion that the defendant is guilty, or stating as a fact anything except what the evidence tends to prove, or which he in good faith expects to prove. If he does otherwise, he is guilty of misconduct.

Such were the duties and obligations of the prosecuting attorney in this case. The record shows that during his closing argument to the jury he used the language, which was excepted to at the time, following:

"As to the suggestion of counsel that we didn't call him, I say that this boy couldn't aid you in any way. And I say that I wouldn't put on testimony here that is more conjecture and guess than fact. * * * The way these criminal lawyers do, if they can't prove anything direct, they prove it by indirection. I understand that they have a society, a society of criminology, where these criminal

lawyers get together and hold meetings, and they have mirrors where they can look in and see themselves, and how they act and look, and there they learn to act and appear and manœuvre before the jury, so as to get a verdict of acquittal. And I understand that our friend [the defendant's attorney], the great criminal lawyer from Minneapolis, is a member of that society of criminology. * * * Let me tell you, if that scheme had worked, if Clark's money could have purchased the possession of that girl, then, indeed, would Canada have been a good place. * * * I tried to show who the family of this Brackett girl [one of defendant's witnesses] was, and what it was; but it was excluded. But I hope there is some member on this jury that knows the Brackett girls, and what they are, because you have a right to take into account your personal knowledge of people.

"The Court: The Brackett girls are not on trial in this case, and are not in the case, except the witness. It is proper to argue and discuss her testimony, but not any other Brackett girls, if there are any."

The prosecuting attorney also, in the course of cross-examination of witnesses for defendant, made frequent attempts to discredit them by sneers and innuendo, not justified by the evidence. The charge of the learned trial judge was clear and fair, and covered the special requests of the defendant for instructions, so far as he was entitled to have them given. The jury were also instructed not to permit the improper remarks of counsel to influence them in the slightest.

The misconduct of counsel was one of the important errors assigned on the motion for a new trial, and was necessarily passed upon by the trial court adversely to the defendant. Were this simply a civil action, such decision of the trial judge would be entitled to great, and perhaps controlling, consideration. But this case involves something more than dollars and cents. It involves the honor and liberty for seven years of a man who has been convicted, upon evidence not wholly satisfactory, of a charge which is easy to make and difficult to disprove. Under the circumstances disclosed by the record in this case, we are of the opinion that the defendant is entitled to a new trial.

Therefore it is ordered that the judgment and order appealed from be and they are reversed, and that a new trial of this case be granted, and, further, that the warden of the state prison at Stillwater deliver the defendant to the sheriff of the county of Martin, on his application, who will return him to the proper county for such trial.