## STATE v. NEIL DUDDY.[1]

May 19, 1922.

No. 22,556.

**Conviction for robbery sustained — no prejudice from prosecutor's address.**
In a prosecution for robbery the evidence is *held* to sustain the verdict of guilty, that no prejudice resulted to defendant from the alleged misconduct of the prosecuting attorney in his address to the jury, and that there was no error in the instructions of the court to the jury.

Defendant with others was indicted by the grand jury of Hennepin county charged with the crime of robbery in the first degree, tried separately before C. L. Smith, J., and a jury and found guilty as charged in the indictment. From an order, Molyneaux, J., denying his motion for a new trial, Neil Duddy appealed. Affirmed.

*Donald G. Hughes & Neil Hughes*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, *Floyd B. Olson*, County Attorney, and *William C. Larson*, Assistant County Attorney, for respondent.

BROWN, C. J.

It appears in this case that the dwelling of one Jackson was forcibly entered by six or more thieves, who by means of threatened violence to the members of the household, emphasized and made effective by the use of loaded firearms, took and carried therefrom a quantity of liquor of the value of about $2,000, the property of one Napier. The crime was that of robbery in the first degree. Defendant with others was indicted and thereby charged with its commission, and on a separate trial convicted by a verdict finding him guilty as charged in the indictment. He appeals to this court from an order denying a new trial.

The contentions made in support of the appeal are: (1) That the evidence is insufficient to justify the verdict; (2) that the prosecuting

[1] Reported in 188 N. W. 261.

attorney was guilty of prejudicial misconduct in his address to the jury; and (3) that there was error in the instructions of the court to the jury.

1. There was no serious controversy on the trial as to the commission of the crime by some persons. Defendant's defense consisted in a denial that he was a participant in the transaction; in support of which, in addition to his denial as a witness, he presented evidence tending to show that he was elsewhere on the particular occasion.

The state offered the testimony of the Jacksons, husband and wife, who positively identified defendant as the member of the gang who held them in subjection with the aid of a revolver during the time the crime was committed. They were corroborated by other evidence tending to connect defendant with the commission of the crime.

In that state of the evidence, which need not be stated in further detail, we find no sufficient reason for disturbing the verdict. The credibility of the witnesses, and the weight to be given their testimony, were matters for the jury, and, since the trial court has approved their finding thereon, the verdict must stand; the record presents no basis for interference by this court.

2. The argument of the prosecuting attorney to the jury was objectionable, and might well have been checked by the trial court. State v. Clark, 114 Minn. 342, 131 N. W. 369. But the case in this respect does not reach the misconduct for which a new trial was granted in the case cited, nor in State v. Bernstein, 148 Minn. 301, 181 N. W. 947. Here the trial court on one or two occasions interrupted the argument to correct errors of statement by the attorney, and to remind the jury that they were not bound by what he said about the evidence; that they were the exclusive judges of the facts, and any erroneous statements in the arguments of either counsel should be ignored by them. And upon the whole record we are impressed that the defendant had a fair trial, and that the verdict should not be disturbed on the ground stated. The unquestioned fairness of the jury, and the ineffectiveness of the objectionable remarks by the county attorney, are found in the fact that as a part

of their verdict they unanimously recommended "that all leniency possible be extended to the defendant."

3. The court in the charge to the jury, in alluding to the defense of an alibi interposed by defendant, remarked that "it will be remembered always that an alibi is a defense that is easily fabricated and hard to disprove; but if it is proved, it is a good defense. I say that merely to caution the jury to consider the evidence on both sides * * * and weigh it carefully." We find no reversible error in this instruction. In point of substance what the court said about the defense is supported by the remark found in the opinion in State v. Minot, 79 Minn. 118, 81 N. W. 753. It did not have the effect of casting upon defendant the burden of establishing the alibi as a defense, nor in any proper view of impairing or negativing the general presumption of innocence. The court was quite clear in placing the burden of proof on the state, and instructed the jury that no verdict of guilty could be returned except they found from all the evidence beyond a reasonable doubt that defendant was a party to the commission of the crime. While the remark might well enough have been omitted from the charge, it is clear that the jury was not misled or confused thereby. The charge as a whole was exceptionally fair and impartial. Order affirmed.