# THE STATE OF NORTH DAKOTA, Respondent, v. LAWRENCE MOZINSKI, Appellant.

## (191 N. W. 345.)

**Criminal law — statement of conclusion as to intent of accused by one assaulted not prejudicial where witness testified as to facts.**

1. In a prosecution for the crime of assault with intent to kill, it is *held:* That prejudicial error did not occur in testimony concerning conclusions of law.

**Criminal law — testimony as to other crimes unfaithfulness, and ill will admissible as res gestæ and to show intent and motive of accused.**

2. That testimony concerning the disposition of manufactured whisky, unfaithfulness, and ill will of defendant towards his wife's parents was properly admitted as part of res gestæ and to show intent and motive.

**Criminal law — evidence of other attempts of accused to kill wife, and relations of parties, admissible to show relationship, motive, and intent.**

3. That evidence concerning attempts of defendant to kill his wife, and relations of the parties was properly admissible to show relationship, motive, and intent.

**Criminal law — unless court's discretion in controlling cross-examination is prejudicial, its exercise will not be disturbed.**

4. That scope of cross-examination is largely committed to the sound discretion of the trial court and its exercise will not be disturbed unless manifest prejudice results.

**Argument of counsel not prejudicial.**

5. That statements made by the state's attorney in his argument do not constitute prejudicial error.

**Criminal law — verdict resting on substantial competent evidence not disturbed on appeal.**

6. That the verdict rests upon some evidence of substantial nature proper to submit to a jury.

Opinion filed November 2, 1922. Rehearing denied November 23, 1922.

Criminal Law, 16 C. J. § 1115 p. 574 n. 56; § 1116 p. 575 n. 61; § 1146 p. 594 n. 89, 90; 17 C. J. § 3584 p. 246 n. 72; § 3593 p. 255 n. 55; § 3638 p. 298 n. 21; § 3674 p. 331 n. 41. Homicide, 30 C. J. § 364 p. 152 n. 41; § 407 p. 182 n. 67, p. 183 n. 72, 74; § 408 p. 184 n. 90; § 562 p. 318 n. 96.

Criminal prosecution in District Court, Walsh County, *Buttz,* J.

Note.—For authorities discussing the question of evidence of other attempts to kill, in prosecution for assault with intent to kill, see note in 62 L.R.A. pp. 207, 228, 278, 313, 314; 8 R. C. L. 206; 4 R. C. L. Supp. 535; 5 R. C. L. Supp. 455.

Defendant has appealed from judgment and order denying a new trial.

Affirmed.

*H. C. DePuy,* for appellant.

It was error for the court to allow evidence of other alleged attempts to kill, on the pretense that they tended to establish a motive. or criminal intent on the part of the defendant for the alleged attempt to drown his wife. 8 R. C. L. 206, § 200; State v. Murphy, 17 N. D. 48; Judge Spalding's concurring opinion, ¶ 1, p. 63, 17 L.R.A.(N.S.) p. 620; 16 C. J. 586, 594, 600 §§ 1132, 1133, 1146, 1165; State v. Fitchette (Minn.) 92 N. W. 527; Davis v. State (Neb.) 74 N. W. 599; People v. Pinkerton (Mich.) 44 N. W. 180; People v. Bennett (Wis.) 81 N. W. 117; Shaffner v. Com. (Pa.) 13 Am. Rep. 649; Jauzen v. People (Ill.) 42 N. E. 862.

It was misconduct of the prosecuting attorney to propound on cross-examination insinuating questions without foundation in fact, calculated to prejudice the jury against the defendant. People v. Jansma (Mich.) 147 N. W. 601; 16 C. J. 893, § 2230; People v. Lieska, 126 N. W. 636; State v. Nyhus, 19 N. D. 492.

Vituperative and abusive language by a prosecuting officer in arguing a case is never permissible. Bishop v. State (Tex.) Ann. Cas. 1916E, 379, 16 C. J. 910, § 2259; State v. McPherson, 131 N. W. 645; See cases, both civil and criminal, cited in L.R.A.1918D, 87–93; Sasse v. State (Wis.) 32 N. W. 849; State v. Brunette, 28 N. D. 552; 2 R. C. L. p. 427, § 26; State v. Van Hoozer (Ia.) 185 N. W. 589; State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487.

*John B. Nevin* and *Ben Greenberg,* for respondent.

The limits placed upon the re-examination is largely one of discretion and that the trial court is the best judge as to the limits to be exercised in this respect. McKelvey, Ev. 2d ed. § 263, p. 413; 28 R. C. L. 597; Spalding v. Chicago R. Co. (Iowa) 67 N. W. 227; State v. Rohn (Iowa) 119 N. W. 88; Daniels v. Dayton (Mich.) 13 N. W. 392; People v. Hare (Mich.) 24 N. W. 842; State v. McGahey, 3 N. D. 293, 55 N. W. 753; State v. Moeller, 20 N. D. 114, 126 N. W. 568; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; 40 Cyc. 2522.

That the intent is but the frame of mind a person is in, it is exceedingly hard to prove it, therefore, courts have almost unanimously

allowed proof of similar attempts and threats to prove the intent with which a crime was committed. State v. Kent, 5 N. D. 516; 12 Cyc. 408, 412; 8 R. C. L. 201; State v. Murphy, 17 N. D. 48, 115 N. W. 84, 17 L.R.A.(N.S.) 609; State v. Miller, 20 N. D. 509; State v. Hakon, 21 N. D. 133; State v. Merry, 20 N. D. 337; 19 N. D. 337; 62 L.R.A. 194, note.

The law, as we understand it, is that the order of proof, as well as the scope of cross-examination is, and of necessity must be, largely committed to the sound discretion of the trial court. State v. Kent, 5 N. D. 516; State v. Tolley, 23 N. D. 284, 136 N. W. 784; State v. Longstreth, 19 N. D. 268; Counsel at this point cites State v. Nyhus, 19 N. D. 326.

The order of proof is largely within the discretion of the trial court and will not be disturbed by the supreme court unless the discretion is abused. The trial court heard the testimony, saw the demeanor of the witnesses, and we submit that the rebuttal examination in this case was not error. 12 Cyc. 555; State v. Bickford, 28 N. D. 36, 147 N. W. 407; Bowman v. Eppinger, 1 N. D. 21; State v. Ekanger, 8 N. D. 559; Patrick & Co. v. Austin, 20 N. D. 261; Pease v. Magill, 17 N. D. 166; State v. Werner, 16 N. D. 83; Madison v. Rutten, 16 N. D. 281.

Before counsel can complain about the argument of the state's attorney, timely objection must be made and the court given a chance to correct the error if made. State v. Frelinghuysen (Minn.) 45 N. W. 432; State v. Moeller, 24 N. D. 165; State v. Knutson, 21 N. D. 562.

Courts have always laid down the rule that a public prosecutor should prosecute a case with vigor. We call the court's attention to the court's charge on p. 267 of the transcript wherein he cautioned the jury as to the remarks made by counsel. State v. Kent, 5 N. D. 559; State v. Moeller, 24 N. D. 165; State v. Knutson, 21 N. D. 562; State v. McGahey, 3 N. D. 293; State v. Browman (Iowa) 182 N. W. 835; State v. Frelinghuysen (Minn.) 45 N. W. 432; People v. Tubbs (Mich.) 110 N. W. 132; People v. Lambert (Mich.) 108 N. W. 345; People v. Sanders (Mich.) 102 N. W. 959.

## Statement.

BRONSON, J.    Defendant was convicted of the crime of assault with intent to kill. He has appealed from the judgment and order denying

new trial. The facts are: The chief witness against the defendant was his wife. She and the defendant have been married some five years. They have three children, ranging in ages from nine months to three years. While they were going homeward, in an auto, from a visit to some neighbors, the defendant and his wife got into a dispute. The wife gave testimony to the following effect: As the dispute grew more intense, the defendant abused her and hit her and the baby; he stopped the car near a coulee; he threatened to kill her and to drown her so that she would tell no stories. He jumped out of the car, grabbed her and proceeded to drag her towards the waters of the coulee. She resisted his efforts and fought with him. He overcame these efforts, got her down to the bottom of a little hill, and dragged her body on the ground and in the mud towards the water. There she became unconscious. When she revived he was pulling her up the hill. There he left her alongside the roadside. She found herself in a ditch some distance from the place. He was up ahead and she could see the lights turn around in the road. He started homeward. She complained that she was hurt. Finally he took her to Minto. There she received temporary medical aid and went to the home of a neighbor for the night. Next day she was taken to a hospital at Grafton where she remained for some three weeks. It was found that she had sustained a simple fracture of the humerus in the left arm. The defendant denies any abuse, threats, or assault. He asserts that on this homeward ride his wife started the trouble; she hit him several times; he stopped the car to quiet her; when he started it again, she jumped out; he went to get her and found her lying on the bank of the coulee.

In the testimony, it developed that at both places where the defendant and his wife visited they had imbibed intoxicating liquor. The dispute apparently arose from some transactions between defendant and his sister. Defendant wanted to return in the morning with the car to do some business for his sister. It developed in the testimony that his sister had manufactured some whisky and wanted defendant and his car for purposes of its disposition. Testimony was adduced concerning various disputes and assaults between them during the course of their married life; evidence also, that each had accused the other of unfaithfulness. Once the wife left the defendant, but returned. The wife testified to an incident about a month and a half before the alleged

crime when he threatened to tie a stone to her neck and drown her; also to another incident about two years previous when he grabbed her, pushed her to a stove and threatened to kill and burn her. Defendant, likewise, testifies to incidents at different times when the wife got angry and assaulted him with various instrumentalities.

Upon oral instructions, the jury were requested to return a verdict of simple assault, of assault with intent to kill, or a verdict of not guilty.

The defendant has urged some thirty-four errors. These have been grouped. In brief, the defendant contends:

1. Error in permitting the wife to testify to the conclusion that defendant was going to drown her.

2. Error in permitting testimony connecting the defendant with the illicit sale of whisky and in permitting testimony to show unfaithfulness by defendant to his wife and attempting to prove ill will by defendant against the wife's parents.

3. Error in permitting evidence of other alleged attempts to kill the wife.

4. Misconduct of the state's attorney in propounding, on cross-examination, insinuating questions and in making statements unsupported by the evidence.

5. Abuse of discretion in the trial court in not granting a new trial through insufficiency of the evidence to establish any intent to kill.

In a memorandum decision denying a new trial, the trial court has found that there was ample evidence in the record to justify the finding of the jury concerning intent to kill his wife. That the state's attorney endeavored to give the defendant a fair trial and that there was not any misconduct on his part such as would prejudice defendant's rights.

## Decision.

1. It is true the wife testified to some conclusions of law wherein she volunteered the phrase "He was going to kill or drown me" as descriptive of the place or the time and otherwise; but she testified directly in this regard concerning her husband's declarations at the time of the alleged crime. Under the circumstances, we are of the opinion that prejudicial error did not occur in this regard.

2. We are also of the opinion that no prejudicial error occurred in

the admission of testimony concerning the disposition of the manufactured whisky, unfaithfulness, or ill will of defendant towards the parents. Some of this testimony formed a part of the res gestæ. Otherwise, we are of the opinion that it was properly admitted, to show intent and motive. State v. Miller, 20 N. D. 509, 511, 128 N. W. 1034; State v. McGahey, 3 N. D. 293, 55 N. W. 753.

3. Evidence, concerning other alleged attempts of the defendant to kill his wife and the relations of the parties was reasonably well within the rule, in our opinion, permitting the admissibility of evidence to show relationship, motive, and intent. State v. Kent (State v. Pancoast) 5 N. D. 516, 558, 35 L.R.A. 518, 67 N. W. 1052; State v. McGahey, supra; State v. Merry, 20 N. D. 337, 127 N. W. 83.

4. The scope of cross-examination is largely committed to the sound discretion of the trial court. State v. Tolley, 23 N. D. 285, 291, 136 N. W. 784. Ordinarily, this court will not interfere unless its exercise results in manifest prejudice. State v. Foster, 14 N. D. 561, 567, 105 N. W. 938; State v. Longstreth, 19 N. D. 268, 276, 121 N. W. 1114, Ann. Cas. 1912D, 1317. We do not find that the learned trial court abused its discretion in this regard.

Upon examination of the statements made by the prosecution in the argument to the jury, concerning which a record and an objection have been made, we likewise find no prejudicial error when considered in connection with the cautions and instructions given by the trial court. Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592.

5. Upon a consideration of the entire record, we are of the opinion that the verdict rests upon some evidence of a substantial nature proper to submit to a jury; therefore this court may not interfere. State v. Foster, 14 N. D. 561, 567, 105 N. W. 938. In his briefs, the defendant has urged many objections to the testimony offered and received by the prosecution. Urgently he contends that prejudicial error has occurred. Stress particularly is laid upon the contentions that many of these questions serve purposes merely of conclusions at law, serve to vilify the defendant in the eyes of the jury concerning other transactions had with his wife and, in connection with insinuating remarks of the state's attorney and his conduct upon argument, served to prejudice and bias the jury. We are of the opinion that these matters were properly within the control and discretion of the trial court, and that it did not abuse its

discretion. The ultimate inquiry is whether the defendant has been accorded a fair trial upon the facts adduced and the law applicable. The trial court has so found. We do not find prejudicial error that requires a contrary finding.

The judgment and order are affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, and ROBINSON, JJ., concur.

GRACE, J. (specially concurring). It is clear that the verdict rests upon substantial evidence. Defendant predicates error upon the reception of certain evidence over his objection, relative to his conduct in certain particulars prior to the time of the assault by him on his wife.

In the circumstances of this case we think this evidence, particularly that relative to charges of infidelity, was properly admissible as showing a motive for his attack upon his wife. I, therefore, concur in an affirmance of the judgment.

### Upon petition for rehearing.

BRONSON, J. In a petition for rehearing defendant complains of the facts as stated in the opinion that they are misleading when considered in connection with the whole statement of the facts. No attempt was made in the opinion to state all the facts. Those facts, favorable to the state, are stated which, presumably, from the verdict of the jury, were found to be true.

In the briefs, as well as in the petition for rehearing, defendant has set forth, at considerable length, language used by the state's attorney in his argument to the jury. There is just one assignment that covers language that is preserved by a record thereof. This court has not otherwise considered such language, as a basis for determination of misconduct, for the reason that defendant has not presented a record which shows that the state's attorney did use such language. The necessity and the method of settling a record in cases of error predicated upon misconduct of counsel has been fully outlined in Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592. The petition for rehearing is denied.

BIRDZELL, Ch. J., and CHRISTIANSON, ROBINSON, and GRACE, JJ., concur.