## STATE v. SIDNEY WILLIAM JONES.

124 N. W. (2d) 727.

October 25, 1963—No. 38,722.

*Whitney E. Tarutis,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

SHERAN, JUSTICE.

The appeal is from a judgment of the district court whereby defendant was convicted of the crime of rape.

■    In urging the jury to find defendant guilty the county attorney argued: "If the State falls down, if we don't prosecute that type of a crime, then we might just as well let everybody out of the institutions and put all the people who are not in there in the institutions because *society is not safe with a man like that.* It could be my daughter, *it could be your daughter,* it could be anybody's daughter, it could be my wife, *it could be somebody else's wife.*" The theme was repeated again in these words: "*[T]he next girl he sees might be my daughter, my wife or somebody else's daughter or wife.*" The jurors were told that if they let him go he would be able to say, "Well I beat the rap on this one here. The county attorney didn't do anything about it. *The jury turned me loose so I can do it again.*" (Italics supplied.)

Exception was taken by the attorney for the defendant who moved for a mistrial. The motion was denied, but the court admonished the jury as follows:

"I am sure the jury understands that the remarks of counsel were not meant to have relation to this particular case and were general in nature and that they will not be aroused to any feeling other than a serious consideration of the case which we are trying against this defendant. And you will recall the facts of this case and remember the arguments of both counsel, disregarding anything that is designed to appeal to your passion or prejudice, if any such there be in the argument and disregard it entirely."

The clear implication of the argument given by the county attorney was that acquittal of defendant would expose those most loved by the jurors to possible rape. The position of respect in the community deservedly held by the county attorney[1] gives such a comment a weight and prejudicial impact[2] which cannot be obviated by a corrective instruction such as that given here.

---

[1] See, State v. Clark, 114 Minn. 342, 131 N. W. 369.

[2] For recent cases involving the prejudicial effect of remarks, argument,

While reluctant to order a new trial in a case such as this, we are satisfied that the "effect of the remarks of the prosecuting attorney was to deprive the defendant of the fair and impartial trial to which he was entitled." State v. DePauw, 243 Minn. 375, 378, 68 N. W. (2d) 223, 226. Even where a precautionary instruction is given, a new trial will be ordered where it appears that the defendant has been deprived of a fair trial. State v. Reardon, 245 Minn. 509, 73 N. W. (2d) 192. We note that in similar situations a new trial has been directed in recent cases decided by the appellate courts of Missouri and Arkansas. State v. Groves (Mo.) 295 S. W. (2d) 169; Adams v. State, 229 Ark. 777, 318 S. W. (2d) 599.

■ Discussion of the remaining assignments of error will be limited. It is important to note, however, that evidence which will support a conviction of violation of Minn. St. 617.01, subd. 2, (resistance overcome by force) will not support a conviction under an information charging a violation of § 617.01, subd. 3, (resistance prevented by fear of immediate and great bodily harm). State v. Vorey, 41 Minn. 134, 43 N. W. 324; see, State v. Hann, 73 Minn. 140, 76 N. W. 33.

■ The remaining assignments of error relate to the sentence imposed by the court pursuant to § 610.29, which was then in force and governed imposition of an increased sentence for habitual offenders. The criminal code adopted by the 1963 session of the legislature of the State of Minnesota repeals § 610.29 effective September 1, 1963. L. 1963, c. 753, art. II, § 17, and art. III, § 1. Imposition of an extended term of imprisonment will in the future be governed by Minn. St. 609.155. We do not undertake to anticipate the possible application of the newly adopted code to this case.

The judgment of conviction is reversed and the defendant is granted a new trial.

---

and interrogation by the prosecuting attorney, see State v. Haney, 222 Minn. 124, 23 N. W. (2d) 369; State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630; State v. Morgan, 235 Minn. 388, 51 N. W. (2d) 61; State v. Gulbrandsen, 238 Minn. 508, 57 N. W. (2d) 419; State v. Cole, 240 Minn. 52, 59 N. W. (2d) 919.