## STATE v. ROBERT FRANCIS OLSON.

156 N. W. (2d) 89.

January 26, 1968—No. 40,427.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Robert E. Oliphant,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Alan M. Schlesinger,* Special Assistant Attorney General, for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of conviction of the crime of rape.

Defendant contends that the verdict is not adequately supported by the evidence and that incidents occurring at trial created prejudice which adversely affected the deliberations of the jury.

1. We have examined the record and have concluded that the evidence is sufficient to support the verdict. But the case is sufficiently marginal in this respect to require careful examination of the proceedings with respect to the claims of error occurring at the time of the trial.

2. Appellant argues (a) that he was prejudiced because a police officer called as a witness by the state, during the course of interrogation by the county attorney, volunteered information which attributed to the defendant an admission that he had been involved in a similar incident on a prior occasion; and (b) that this impropriety was compounded when the defendant, having taken the witness stand, was cross-examined concerning the prior conviction in a way calculated to arouse local animosity. He claims other errors which we do not consider significant.

The record shows that the alleged crime occurred when the complaining witness, a resident of Dilworth, Minnesota, accepted a ride in defendant's automobile, proffered by the defendant after the woman had been forcefully removed from a Dilworth saloon by her intoxicated husband at about midnight of April 19, 1965. The husband walked home. He next saw his wife at about 1 a. m. when she joined him there, stating that in the interval the rape had occurred. Prompt complaint was made to the police and Officer Sam Frisco, employed by the village of Dilworth, was assigned to investigate the matter. Information was developed which made defendant a possible suspect. Officer Frisco, called as a witness for the state, testified he and an associate drove to defendant's home in South Moorhead at approximately 4 a. m. intending to make inquiry concerning the matter then under investigation. The county attorney put these questions to the witness:

"Q. What conversation did you have?

"A. Well, we told Bob we wanted him to come down to the Sheriff's office; the Sheriff wanted to talk to him; and he asked why, and we told him why.

"Q. All right; what did he say?"

At this point an objection was interposed by the attorney for defendant and a colloquy occurred between court and counsel bearing on the question of whether the investigation had so far focused on this defendant as to affect the admissibility of any information which he had volunteered at that time. This exchange then occurred:

"Mr. Saetre: I'll withdraw my objection.

* * * * *

"JUDGE NELSON: You may answer that question, then, Officer.

"A. Well, I told Bob that the Sheriff wanted to talk to him, and he said 'Why?'; and I told him that the Sheriff wanted to talk to him about this rape case; and Bob says he didn't want to get mixed up in it, because he was mixed up in something like this once before; so I said to Bob, 'Bob, if you're not guilty, what are you afraid of; why don't you just come down?', and he says 'Okay' * * *."

The effect of this testimony of Officer Frisco was to bring to the attention of the jury the fact that defendant had been involved in a similar situation on a prior occasion, a fact which the state would not have been permitted to establish by direct evidence.[1] It is reasonable to assume that the attorney for defendant did not anticipate that the answer of the testifying police officer would embrace this extraordinary statement and that, had he known of it, he would not have voluntarily withdrawn his objection to the question. Defendant's attorney did not make a motion to strike the prejudicial part of the answer but, the jury having heard it, an order of the court granting a motion to strike would have been of little value in any event. See, Nash v. United States (2 Cir.) 54 F. (2d) 1006. On the other hand, it seems unlikely that the answer came as a surprise to the prosecuting attorney who, we must assume, knew in detail what the testimony of the officer would be before he was called to the witness stand.

In a somewhat similar situation, we have said that the only cure for prejudice so created is to order a new trial. See, State v. Gegen, 275 Minn. 568, 147 N. W. (2d) 925.

If this were the only error of this nature, we might conceivably be justified in affirming on the theory that the admission attributed to the defendant that "he was mixed up in something like this once before" was ambiguous and came into the case by inadvertence. But such a disposition is not permissible in light of what transpired at the close of the cross-examination of defendant, who took the witness stand in his

---

[1] State v. Haney, 219 Minn. 518, 18 N. W. (2d) 315; State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167.

own behalf. The record shows that the following questions were asked with answers given as indicated:

"Q. All right; now it's true, is it not, Mr. Olson, that on January 13, 1964, that you were convicted of a crime of assault and battery upon * * *?

"A. Yes, sir.

"Q. In Cass County court?

"A. Yes, sir.

"Q. Is that true; and she was also a Dilworth girl?

"A. Originally, yes, sir, I believe.

"Q. That's all."

Inquiry concerning the prior conviction was permissible, if at all, on the theory that a prior conviction of a felony is evidence that a defendant's testimony in court is unreliable.[2] It can be legitimately argued that a prior conviction of assault and battery is unrelated to the question of whether a defendant is likely to be a perjurer.[3] But whatever the resolution of that question, one thing is clear—the identity of the person assaulted on January 13, 1964, and the fact that she was also a Dilworth girl, had no bearing on the credibility of the defendant. The only object of such interrogation was to suggest to a local jury that they and other people in the community would be more secure if defendant was convicted regardless of whether he was guilty of the crime for which he was being charged. Such an implication constitutes reversible error.[4]

Judgment reversed and new trial granted.

---

[2] Minn. St. 595.07; State v. Norgaard, 272 Minn. 48, 136 N. W. (2d) 628.

[3] 78 Harv. L. Rev. 426; Ladd, *Credibility Tests—Current Trends,* 89 U. of Pa. L. Rev. 166.

[4] State v. Jones, 266 Minn. 523, 124 N. W. (2d) 727.