STATE v. RICHARD ARLEN CHYTRACEK.

196 N. W. 2d 599.

April 7, 1972—No. 42638.

*C. Paul Jones*, State Public Defender, and *Rosalie E. Wahl*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

Heard before Murphy, Peterson, Kelly, and Mason, JJ.

PER CURIAM.

Appeal from a judgment of conviction following a jury verdict finding that defendant was guilty as charged, of burglary with assault in violation of Minn. St. 609.58, subd. 2 (1) (b). It is contended that defendant was denied due process, as well as Fourth and Fourteenth Amend-

---

ment rights, by an alleged 'denial of adequate assistance of counsel, warrantless arrest, and improper identification procedures.

From the record it fairly appears that at about 2 a. m. on the morning of November 1, 1969, defendant forcibly entered the apartment of complainant, Mrs. Mary Lou Hazeltine. She was alone in the apartment except for her 3-year-old daughter who had been sleeping. Defendant physically attacked Mrs. Hazeltine, but she was able to get away, run from the building, and obtain help. She had recognized the intruder as the occupant of an apartment in her building whom she had seen on various occasions about the premises. A few hours after receiving the report of the incident, the police arrested defendant in his apartment. Minn. St. 629.34. Defendant was identified by the complainant before being taken to the police station.

Defendant's complaint that he was denied competent counsel is without merit. He was provided with an attorney who was properly prepared to proceed with his defense. The court denied his request to substitute another. The action of the trial court in exercising its discretion to deny substitution of attorneys under the circumstances is supported by State v. Fagerstrom, 286 Minn. 295, 176 N. W. 2d 261 (1970), and State v. Huber, 275 Minn. 475, 148 N. W. 2d 137 (1967). In the context of the record, the other objections with reference to unlawful arrest and improper identification are without merit. The trial court's disposition of these objections is supported by a number of recent decisions, including State v. Harris, 265 Minn. 260, 121 N. W. 2d 327, certiorari denied, 375 U. S. 867, 84 S. Ct. 141, 11 L. ed. 2d 94 (1963); State v. Mastrian, 285 Minn. 51, 171 N. W. 2d 695 (1969), certiorari denied, 397 U. S. 1049, 90 S. Ct. 1381, 25 L. ed. 2d 662 (1970); State v. Hayes, 292 Minn. 399, 195 N. W. 2d 555 (1972).

Affirmed.