**STATE of Minnesota, Respondent,**

v.

**Hugh Edward FLOWERS, Appellant.**

**No. 47717.**

Supreme Court of Minnesota.

Dec. 2, 1977.

Rehearing Denied Jan. 19, 1978.

C. Paul Jones, Public Defender, Robert E. Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard before KELLY, WAHL and IVERSON, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Defendant was convicted of aggravated assault under Minn.St. 609.225(2), and sentenced to 1 to 5 years in prison pursuant to Minn.St. 609.11. We reverse and remand.

The two significant issues raised on appeal are: (1) whether there was sufficient evidence to support the verdict, and (2) whether there was prejudicial error by the trial court in allowing the state to refer to a prior act by defendant, his conviction for which had been ruled inadmissible at the *Rasmussen* hearing.

■ 1. Considered in the light most favorable to the state, the evidence is sufficient. *State v. Bowser,* 305 Minn. 431, 234 N.W.2d 890 (1975); *State v. Thompson,* 273 Minn. 1, 139 N.W.2d 490, certiorari denied 385 U.S. 817, 87 S.Ct. 39, 17 L.Ed.2d 56 (1966). Nevertheless, the state's evidence, consisting solely of the uncorroborated testimony of the complaining witness, is sufficiently marginal to require a careful examination of defendant's claims of error at trial. *State v. Olson,* 279 Minn. 166, 156 N.W.2d 89 (1968).

2. In 1967, defendant was convicted of criminal sexual conduct with a minor, the minor being the same person, then age 16, who is the complaining witness in the present case. This prior conviction was the subject of a Rasmussen hearing pursuant to Rule 11.02, Rules of Criminal Procedure, which resulted in a pretrial order that "it would be inappropriate for the State to introduce evidence or to discuss or mention the criminal conviction * * *." The state was also explicitly precluded from mentioning this conviction in its opening statement.

Despite this order, the state referred to the incident underlying the prior conviction both in its opening statement and several times during the trial.[1] These references were objected to at the trial, but the objections were overruled and defendant's motion for a mistrial at the close of the state's opening statement was denied.

■ We do not here consider the propriety of the pretrial order barring discussion of this 10-year-old conviction. We do hold, however, that the state did not comply with the terms of that order and that failure to sustain objections to remarks and testimony concerning the incident which resulted in the prior conviction constitutes reversible error.

The state's proper remedy, if it disagrees with a pretrial order of this nature, is not to violate the order but rather to exercise its right to appeal under the Rules of Criminal Procedure, Rule 29.03, subd. 1. Otherwise, prejudice may result which jeopardizes the conviction.

In *State v. Olson, supra,* where the officer testified that the defendant had said "he was mixed up in something like this before," we stated:

"The effect of this testimony * * * was to bring to the attention of the jury the fact that defendant had been involved in a similar situation on a prior occasion, a fact which the state would not have been permitted to establish by direct evidence." 279 Minn. 168, 156 N.W.2d 90.

References in the present case to the "traumatic event" which, according to the prosecutor, generated "life-long disgust" and "permanent anger" are equally prejudicial. In *Olson,* the objectionable testimony could have been incidental or inadvertent, while in the present case it appears that, despite the Rasmussen order, the prosecution decided to put forward as its central theory the argument that the 1965 indecent liberties incident was causally related to the 1976 assault.

As we said in *State v. Gegen,* 275 Minn. 568, 569, 147 N.W.2d 925, 926 (1967), "[i]f prosecutors * * * persist in trying to inject into a trial indirectly matters which they know they cannot introduce directly the only solution is to let them try the case over."

The judgment of conviction is reversed, and the case remanded to the district court for a new trial.

SHERAN, C. J., took no part in the consideration or decision of this case.

PETERSON and KELLY, JJ., dissented from the denial of a rehearing.

1. For example, the opening statement included a reference to "a traumatic event * * * which broke the family up and caused Sandra to develop a life-long disgust and a permanent anger toward Mr. Flowers." Subsequently, on direct examination of the complaining witness, the prosecution established that an incident had occurred years before which left her "hurt" and "angry" and resulted in an "abrupt termination" of her living with Mr. Flowers and her mother.