**STATE of Minnesota, Respondent,**

v.

**Donald Kim SCHALLOCK, Appellant.**

No. 48992.

Supreme Court of Minnesota.

June 15, 1979.

C. Paul Jones, Public Defender, and Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, Attell P. Felix, County Atty., and John E. Valen, Asst. Little Falls, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of criminal negligence resulting in death, Minn.St. 609.21, and was sentenced by the trial court to a maximum term of 5 years. On this direct appeal from judgment of conviction defendant contends (1) that the evidence of his guilt was legally insufficient, and (2) that he was denied a fair trial by (a) the prosecutor's elicitation of evidence in violation of a court order, (b) the presence of the complaining officer at the counsel table during trial, and (c) the trial court's refusal to give a requested instruction. We affirm.

■ 1. There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. It was undisputed at trial that the defendant's truck passed two stopped cars and a stopped school bus which had its stop sign extended and its red lights flashing, that the truck hit and killed an 8-year-old boy crossing the road in reliance on the stop sign, and that the truck then had left the scene of the accident. The only real issue at trial was whether it was defendant or a companion named Gary Rotz who was driving the truck. Rotz, who was not charged, was apparently reluctant to pin the blame on defendant but ended up testifying positively that defendant was the driver. In addition to the fact that defendant owned the truck and that Rotz testified that defendant was the driver, defendant also fit the general description of the driver given by witnesses (he had long hair and owned a hat similar in description to the hat the driver was wearing) and his conduct following the accident was inconsistent with innocence (he hid the truck in a shed on his sister's farm and fled the county). Further, defendant did not claim innocence, only that he was intoxicated at the time and therefore could not remember whether he was the driver.

■ 2(a) Defendant's main claim of error is that the prosecutor improperly elicited testimony in violation of a pretrial suppression order. The witness in question, one of the drivers whose car defendant's truck had passed, had seen the driver's face and had identified a picture of defendant as being a picture of the driver, but the court had suppressed testimony concerning that identification, as well as in-court identification testimony, on due process grounds. On redirect examination of this witness the prosecutor on two occasions used the word "defendant" instead of "driver" when asking the witness if his testimony referred to the driver rather than the passenger.

In seeking reversal defendant relies upon our decision in State v. Flowers, 261 N.W.2d 88 (Minn.1978), where we reversed a conviction and granted a new trial because of prejudice resulting from the prosecutor's intentional violation of a pretrial order barring use of a 10-year-old conviction and the trial court's overruling of an objection to this.

However, we believe that the Flowers case is distinguishable. For one thing, it appears that although the prosecutor used the word "defendant" instead of "driver" on the two instances in question, he used it out of habit and was fumbling around for the word "driver." There is no indication that he was intentionally violating the suppression order. Second, defense counsel did not object the first time this happened and his objection the second time was that the question was leading. Third, when defense counsel did object, the trial court promptly sustained the objection and ordered the characterization "the defendant" stricken. Fourth, defendant never sought a mistrial. Fifth, when one reads the entire testimony of the witness, one is not left with the impression that he had identified defendant. Under all the circumstances, we do not believe that a reversal on this ground is mandated.

■ (b) Defendant's next contention is that the trial court committed prejudicial error in permitting the highway patrolman who signed the complaint against defendant to sit at the counsel table during the trial.

The cases cited by the parties—see, State v. Biehoffer, 269 Minn. 35, 129 N.W.2d 915 (1964); State v. Schwartz, 266 Minn. 104, 122 N.W.2d 769 (1963)—make it clear that

it was inappropriate for the patrolman to sit at the counsel table during trial. However, his role in the trial as a witness was a minimal one and any affect that his presence had on the jury is too speculative to warrant a new trial.

(c) Defendant's final claim is that the trial court erroneously refused his request for an instruction that the jury could disregard all the testimony of any witness who had lied as to any material fact.

The comments to CRIMJIG 3.01 state that it is "unnecessary" and "confusing" to instruct the jury that it may disregard all or part of a witness' testimony if it believes he has lied as to any material fact. We believe it is sufficient if the trial court, as here, instructs the jury as to its role as the exclusive judge of facts and as to the factors to bear in mind in assessing the credibility of witnesses, leaving to counsel the right to argue that a witness who lies in part cannot be believed at all.

In summary, we hold that defendant received a fair trial and that the evidence was adequate to sustain the verdict.

Affirmed.