STATE of Minnesota, Respondent,

v.

Lenny Lloyd HENRIKSEN, Appellant.

No. C0–93–1553.

Supreme Court of Minnesota.

Oct. 21, 1994.

Rehearing En Banc Denied Nov. 29, 1994.

John M. Stuart, State Public Defender, Leslie Joan Rosenberg, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Asst. Atty. Gen., St. Paul, for respondent.

## OPINION

PAGE, Justice.

In its unpublished decision in this case, the court of appeals, by a 2–1 vote, awarded a new trial to defendant, Lenny Lloyd Henriksen, who had been convicted of making terroristic threats, Minn.Stat. § 609.713 (Supp. 1993), to harm his former girl friend, C.S. The conviction was based on evidence that on November 28, 1992, defendant called C.S.'s mother and told her that "in a couple weeks your daughter will be dead" and called a close friend of C.S. and told her "the games are over, it's time to play ball."

The majority of the court of appeals concluded that a new trial was required because C.S.'s friend referred in her testimony to a pending arson charge against defendant for setting fire to C.S.'s garage.[1] The dissent argued that the witness' allusion to the arson charge did not deprive defendant of a fair trial and that defendant was not entitled to a new trial in any event because subsequent to this conviction, defendant was convicted of the arson charge. Because the conviction for arson satisfies the "clear and convincing" evidence test, there would be no bar to its admission as other-crime evidence on retrial. Agreeing with the dissent, we reverse the decision of the court of appeals and reinstate the judgment of conviction.

Evidence bearing on the defendant's relationship with the victim, including other-crime evidence, is often admitted in terroristic threats and domestic abuse cases. Such evidence puts the alleged criminal conduct of the defendant in context, may help the jury in assessing the defendant's intent and motivation, and may serve other valid purposes. *See, e.g., State v. Schweppe,* 306 Minn. 395, 402, 237 N.W.2d 609, 615 (1975) (upholding admission in terroristic threats case of evidence of defendant's prior homosexual relationship with victim because evidence was relevant to the defendant's motive).

In the instant case the jury was informed about the history of defendant's relationship with C.S., including the fact that defendant followed her constantly and frequently made harassing phone calls to her at her workplace, and the fact that C.S. obtained restraining orders against defendant in 1990 and 1992 due to his assaultive behavior. Moreover, the trial court admitted evidence of an April 1992 telephone call defendant made to C.S.'s mother telling her that C.S. was going to be in trouble that night and a May 1992 call defendant made to C.S. at work telling her he knew about her weekend plans.

Defendant testified at trial. He denied that he called C.S.'s mother in April, admitted that he called C.S. in May, denied that he called C.S.'s mother on November 28, and admitted that he called C.S.'s friend on November 28.

C.S.'s friend twice alluded to the pending arson charge while testifying about defendant's call to her on November 28, a call defendant admitted making. The friend testified that she called defendant's telephone number November 29 to find out if the rumors that defendant was out of jail were true. Defense counsel objected and the trial court instructed the jury to disregard the reference to defendant's having been in jail. After the prosecutor again asked the witness

---

1. The trial court ruled that this other-crime evidence was inadmissible because the trial court believed the evidence connecting defendant to the other crime was not "clear and convincing," a prerequisite to the admission of other-crime evidence pursuant to Minn.R.Evid. 404(b).

what she had done on the day after receiving the call, the following exchange occurred:

Q. [By prosecutor] And the voice that you heard when you called his home?

A. Was the same voice that called me on the 28th. I have my telephone bill from that night because I called the police that night after he called because the call he made scared me.

[Defense counsel]   Just a minute.

THE WITNESS: And so I called the sheriff after that because I wanted them to know because in case he did something to us he was·out on bail for burning Carrie's garage.

[Defense counsel]   Objection.

THE COURT: It's better if she asks a question and then a response by you, and it's easier to organize them. Counsel, you may proceed then.

[Prosecutor]   Thank you, Your Honor.

During cross-examination, defense counsel asked the witness what threat she believed defendant was making in using the words, "It's time to play ball," and she replied, "The games are over, it's time to play ball, said like that when somebody has just been out on bail after lighting a garage on fire." The trial court sustained defense counsel's objection and struck the answer. Defense counsel moved for a mistrial, but the trial court denied the motion.

We have previously refused to order a new trial where the prosecutor unintentionally solicited nonprejudicial evidence in violation of a pre-trial order. *State v. Schallock*, 281 N.W.2d 186 (Minn.1979). Like *Schallock*, this is not a case where the prosecutor intentionally violated the pre-trial suppression ruling. *Compare Schallock*, 281 N.W.2d at 187 *with State v. Flowers*, 261 N.W.2d 88, 89 (Minn.1978) (granting a new trial because of

prejudice resulting from the prosecutor's intentional violation of a pre-trial order).

▮ Furthermore, evidence of the defendant's arson was not prejudicial. Here the jury properly learned about defendant's prior relationship with C.S., the target of the alleged threats—specifically, the jury learned about the prior assaultive conduct, the harassment, and the threatening telephone calls made in April and May of 1992. Under the circumstances, it is extremely unlikely that the witness' allusion to the pending arson charge played a significant role in persuading the jury to convict defendant of the terroristic threats charged. Finally, as the dissenting opinion of the court of appeals suggested, the fact that defendant was subsequently convicted of the arson charge means that the "clear and convincing" evidence test of Minn.R.Evid. 404(b) would be satisfied on retrial, *State v. Crocker*, 409 N.W.2d 840, 843–44 (Minn.1987), and the jury would again hear evidence of the defendant's prior act of arson against C.S. *Cf., State v. Ellert*, 301 N.W.2d 320, 323 (Minn.1981) (refusing to award new trial where it was clear that a new trial would accomplish nothing) and *State v. Stofflet*, 281 N.W.2d 494, 497 (Minn. 1979) (same).

We also agree with the court of appeals' dissent that the other issues raised by the defendant—issues that the majority did not address in its opinion—do not merit relief.

Reversed and judgment of conviction reinstated.