**STATE of Minnesota, Respondent,**

v.

**Michael Bruce WAINO, Appellant.**

No. CX–99–1315.

Court of Appeals of Minnesota.

June 20, 2000.

Mike Hatch, Attorney General, Robert A. Stanich, Assistant Attorney General, Aaron E. Woodward, Certified Student Attorney, St. Paul, and Alan L. Mitchell, St. Louis County Attorney, Duluth, for respondent.

Barry V. Voss, Voss & Hickman, P.A., Minneapolis, for appellant.

Considered and decided by G. BARRY ANDERSON, Presiding Judge, RANDALL, Judge, and SCHUMACHER, Judge.

## OPINION

SCHUMACHER, Judge.

Appellant Michael Bruce Waino challenges his conviction of third-degree assault, arguing insufficiency of the evidence and that the trial court erred in admitting evidence of similar prior conduct. We affirm.

## FACTS

The state charged Waino with third-degree assault in violation of Minn.Stat. § 609.223, subd. 1 (1998), for a September 2, 1998 domestic assault of H.L. At trial the state sought to offer testimony of H.L. detailing multiple acts of domestic violence by Waino against her. Minnesota statutes allow evidence of prior similar conduct by the accused against a victim of domestic abuse. Minn.Stat. § 634.20 (1998). Ruling that the probative value would not be substantially outweighed by the danger of unfair prejudice, the trial court allowed the evidence with the condition that the testimony be presented in a general fashion and be limited to the last 12 months of the relationship.

Waino and H.L. were in a relationship for more than two years, at times living together. H.L. testified that during the 12 months prior to September 2, 1998, there were several incidents of assaults and abuse. H.L. had black eyes from being punched. On one occasion Waino beat her in a car and rammed her head against the dashboard. He told her not to flinch, and every time she flinched he hit her again. He dragged her from the vehicle and into the house. He beat her head with a telephone. Waino threatened to kill H.L. on a regular basis for the last few months they were together.

On September 2, 1998, H.L. had her own residence and had not been living with Waino for some six months. According to H.L., however, Waino often detained her in his house, and on September 2, H.L. and her youngest daughter had been at Waino's house for several days. H.L.'s older daughter was in Pennsylvania staying with her father. Waino had previously told H.L. that he would give her money toward a return ticket for her daughter, but later became unwilling to do so. H.L. then contacted a friend and used the friend's credit card to purchase a ticket. When H.L. told Waino she had purchased the ticket using a credit card he beat her, pulling her hair, throwing her head into the wall and kneeing her. When Waino stopped beating her, she was able to leave the house, walked about two blocks to a friend's house, and got a ride to the hospital.

Doctor Jon Vanderhagen testified that he treated H.L. on September 2, 1998, for severe pain in her ribs and abdominal area. H.L. initially said that she had an enlarged spleen from a previous fall down the stairs, and she had aggravated it by bumping into the corner of a wall. Dr. Vanderhagen noticed a marked tenderness in her left ribs and believed the injuries were consistent with blunt trauma and inconsistent with H.L.'s claims. Dr. Vanderhagen talked to H.L. a second time during which she admitted that she had been punched in the ribs, punched in the head, and the perpetrator had knelt on her stomach and chest. X-rays revealed that she had two non-displaced fractured ribs. The hospital staff notified the police.

Officer Kevin Hudson testified that he and his partner reported to the hospital and attempted to talk to H.L. They learned that she had two daughters and that she did not want to talk to them for fear of retaliation. She stated that she felt powerless and believed no one could help her. She eventually told the police that Waino had beaten and kneed her because he was upset that she had purchased a ticket for her daughter. When the officers left the room so that H.L. could change

out of her hospital gown, H.L. slipped out the back door. H.L. later called the police requesting to talk and told them she would press charges. The police arrested Waino. At trial, Waino testified that he had not threatened or beaten H.L.

The court provided the jury a cautionary instruction at the close of trial pursuant to 10 *Minnesota Practice*, CRIMJIG 3.16 (1999). The court stated:

> Now, ladies and gentlemen, in this trial, or during the course of this trial, you also heard evidence about the prior relationship between [Waino] and [H.L.]. This evidence has been presented to you for the limited purpose of assisting you in determining whether [Waino] committed the acts with which he is charged in the Complaint and relating to September 2nd, 1998. You are instructed that [Waino] is not being tried for and may not be convicted for anything occurring at any other time.

The jury found Waino guilty of assault in the third degree. Waino's sentence was stayed pending this appeal.

## ISSUES

1. Did the trial court abuse its discretion in admitting evidence under Minn. Stat. § 634.20 (1998)?

2. Was the evidence sufficient to support conviction of third-degree assault?

## ANALYSIS

1. "Evidentiary rulings generally rest within the trial court's discretion and will not be reversed absent a clear abuse of discretion." *State v. Shannon*, 583 N.W.2d 579, 583 (Minn.1998) (quotation and citation omitted). "This court will not reverse a trial court's admission of evidence of other crimes or bad acts unless an abuse of discretion is clearly shown." *State v. Scruggs*, 421 N.W.2d 707, 715 (Minn.1988).

Under Minnesota Rules of Evidence 402 all relevant evidence is admissible except as otherwise provided by the rules, statute or the constitutions. Minn. R. Evid. 402. Rule 403 provides that relevant evidence

> may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Minn. R. Evid. 403.

Generally, evidence of other crimes or misconduct is not admissible to prove a defendant's character in order to show that the defendant acted in conformity with that character. Minn. R. Evid. 404(a); *State v. Lynch*, 590 N.W.2d 75, 80 (Minn.1999). Such evidence may be admitted for the limited purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn. R. Evid. 404(b). Rule 404(b) provides that in criminal cases such limited purpose evidence may not be admitted unless the defendant's participation in the prior misconduct is proven by a clear and convincing standard. Consistent with rule 404(b), evidence of a defendant's prior acts may be admitted for the purpose of "illuminating the relationship" of the defendant and the victim and "placing the incident with which defendant was charged in proper context." *State v. Bauer*, 598 N.W.2d 352, 364 (Minn. 1999) (quotations and citation omitted); *see also State v. Oates*, 611 N.W.2d 580 (Minn.App. 2000).

The evidence in this case, however, was not admitted under a common law rule 404(b) exception to the general prohibition. Rather, the evidence was admitted under a statutory provision concerning domestic abuse, first enacted in 1985. Minn.Stat. § 634.20 provides:

> Evidence of similar prior conduct by the accused against the victim of domestic abuse * * * is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or mislead-

ing the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Minn.Stat. § 634.20 (1998). The statutory language tracks rule 403. The supreme court has noted that by this section the legislature has expressed an intent to remove evidence of similar prior conduct in domestic abuse prosecutions from the clear and convincing standard of rule 404(b). *State v. Cross*, 577 N.W.2d 721, 726 n. 2 (Minn.1998).

■ Under Minn.Stat. § 634.20, evidence of similar prior conduct by the defendant against the victim of domestic abuse is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice. Applying the statute to the facts in this case involves two inquiries. First, is the challenged testimony evidence of similar prior conduct? Second, is its probative value substantially outweighed by the danger of unfair prejudice? Here, Waino was charged with third-degree assault for beating H.L. H.L.'s testimony of previous beatings and threats by Waino easily satisfies the similar prior conduct requirement. Whether the probative value of prior bad acts outweighs their prejudicial effect "is a matter left to the discretion of the trial court." *State v. Graham*, 371 N.W.2d 204, 208 (Minn.1985).

The evidence of similar prior conduct by Waino against H.L. explains the context in which the charged assault occurred and its prejudicial effect is mitigated by the trial court's cautionary instruction to the jury. The supreme court has "on numerous occasions recognized the inherent [probative] value of evidence of past acts of violence committed by the same defendant against the same victim." *State v. Williams*, 593 N.W.2d 227, 236 (Minn.1999). The trial court did not clearly abuse its discretion by admitting, under Minn.Stat. § 634.20, evidence of prior domestic abuse in the form of testimony by the victim.

■ 2. In reviewing a claim of sufficiency of the evidence, this court views the evidence in the light most favorable to the verdict and assumes that the jury disbelieved any testimony conflicting with the result reached. *State v. Thames*, 599 N.W.2d 122, 126–27 (Minn.1999).

The verdict should be upheld if the jury, giving due regard to the presumption of innocence and to the state's burden of proof beyond a reasonable doubt, could reasonably have found the defendant guilty of the offense charged.

*Id.* at 127. The third-degree assault statute provides:

Whoever assaults another and inflicts substantial bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both.

Minn.Stat. § 609.223, subd. 1 (1998).

"Substantial bodily harm" means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member.

Minn.Stat. § 609.02, subd. 7a (1998).

■ The rib fractures suffered by H.L. in this case meet the statutory definition of substantial bodily harm. Waino asserts that the ribs were likely cracked in a fall and argues that the rib injury predates September 2. But the evidence at trial made it abundantly clear that there had never been any fall—the fall was a cover story made up by H.L. because of her fear of retaliation by Waino. The rib fractures that appeared on the September 2, 1998 x-rays were not shown on prior x-rays taken August 23, 1998. Waino continues to attack H.L.'s credibility, but credibility determinations are properly left to a jury. *State v. Doppler*, 590 N.W.2d 627, 635 (Minn.1999) (deciding credibility of witnesses is generally exclusive province of jury). A jury could reasonably conclude that Waino was guilty of third-degree as-

sault. Accordingly, the evidence was sufficient to support the conviction.

## DECISION

The trial court did not abuse its discretion in admitting evidence of similar prior conduct under Minn.Stat. § 634.20 (1998). The evidence was sufficient to support the conviction of third-degree assault.

**Affirmed.**