*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0326**

State of Minnesota,
Respondent,

vs.

Timothy Alvis Gayles, Sr.,
Appellant.

**Filed January 5, 2014
Affirmed
Stauber, Judge**

Olmsted County District Court
File No. 55-CR-12-5660

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and Melissa V. Sheridan, Assistant Public Defender, Eagan, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

On appeal from his convictions of felony pattern of stalking behavior and five counts of misdemeanor domestic assault, appellant argues that the district court

committed reversible error by admitting evidence of his prior bad acts as relationship evidence under Minn. Stat. § 634.20 (2012).  We affirm.

**FACTS**

In August 2013, appellant Timothy Alvis Gayles was charged with one felony count of pattern of stalking behavior and two counts of misdemeanor domestic assault. The complaint was later amended to add four additional counts of misdemeanor domestic assault.  The charges arose from three separate incidents involving appellant and M.S. that occurred on April 10, 2011, July 11, 2012, and August 22, 2012.

At trial, evidence and testimony was presented establishing that appellant and M.S. have been in an on-again, off-again romantic relationship for approximately 30 years.  The state also presented evidence that law enforcement was dispatched to M.S.'s residence on the dates of the three incidents.  The responding officers testified that on each occasion when they arrived at the scene, M.S. complained of being hit and threatened by appellant.

The state also introduced, under Minn. Stat. § 634.20, three other incidents that occurred between M.S. and appellant.  First, the state introduced evidence that on November 22, 1988, M.S. applied for an order for protection (OFP) based on her claim that appellant had pushed, hit, and choked her during an argument.  Second, the state introduced evidence that on July 22, 1991, M.S. applied for an OFP based on allegations that appellant hit and threatened her during an argument.  Third, the state introduced evidence that on October 7, 1991, appellant approached M.S. in a parking lot, grabbed

her hair, hit her, yelled at her, and drove her and one of their sons out of the state against her will.

Appellant testified and denied hitting or threatening M.S. on the charged dates. M.S. also testified, and claimed that she is not afraid of appellant and has repeatedly asked the district court to lift the no-contact order issued because of the current charges. M.S. further testified that despite what she told police, appellant did not hit her during any of the charged incidents. According to M.S., the allegations were taken out of context because of her intoxicated exaggerations.

The jury found appellant guilty of pattern of stalking behavior and five of the six counts of misdemeanor assault and acquitted appellant of one of the misdemeanor domestic-assault charges. The district court stayed imposition of a 23-month prison sentence for the pattern of stalking behavior conviction, and placed appellant on probation for five years. The misdemeanor charges were then dismissed as lesser included offenses. This appeal followed.

## D E C I S I O N

Appellant challenges the district court's decision to admit evidence of his prior bad acts as relationship evidence under section 634.20. "Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion. On appeal, the appellant has the burden of establishing that the [district] court abused its discretion and that appellant was thereby prejudiced." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003) (citations omitted).

3

Generally, evidence of prior crimes or bad acts, known as *Spreigl* evidence, is not admissible as character evidence to show that the person acted in conformity with that character. Minn. R. Evid. 404(b); *see generally State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965). But under Minn. Stat. § 634.20,

> [e]vidence of similar conduct by the accused against the victim of domestic abuse . . . is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Similar-conduct evidence is admissible to "demonstrate the history of the relationship between the accused and the victim of domestic abuse" and to place the offense in the appropriate context. *State v. Word*, 755 N.W.2d 776, 784 (Minn. App. 2008); *see also State v. McCoy*, 682 N.W.2d 153, 159 (Minn. 2004).

Relationship evidence is treated differently than other "collateral" evidence, partly because "[d]omestic abuse is unique in that it typically occurs in the privacy of the home, it frequently involves a pattern of activity that may escalate over time, and it is often underreported." *Id.* at 161. Thus, the stringent procedural requirements of Minn. R. Evid. 404(b) do not apply to relationship evidence admitted under section 634.20. *State v. Meyer*, 749 N.W.2d 844, 849 (Minn. App. 2008). Section 634.20 "specifically provides for the admission of evidence of 'similar conduct' by the accused unless it fails to meet a balancing test that considers whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *McCoy*, 682 N.W.2d at 159. For purposes of section 634.20, unfair prejudice "is not merely damaging evidence, [or]

4

even severely damaging evidence; rather, unfair prejudice is evidence that persuades by illegitimate means, giving one party an unfair advantage." *State v. Bell*, 719 N.W.2d 635, 641 (Minn. 2006) (quotation omitted).

Here, in finding the evidence of appellant's prior bad acts admissible under section 634.20, the district court did "not find the probative value [of the evidence] to be substantially outweighed by the danger of unfair prejudice." Appellant's only argument is that the district court abused its discretion in making this finding. But, the probative value of such evidence is high because "evidence showing how a defendant treats his family or household members, such as his former spouses or other girlfriends, sheds light on how the defendant interacts with those close to him, which in turn suggests how the defendant may interact with the victim." *State v. Valentine*, 787 N.W.2d 630, 637 (Minn. App. 2010), *review denied* (Minn. Nov. 16, 2010). And *McCoy* establishes that the district court's ruling reflects a permissible use of relationship evidence under Minn. Stat. § 634.20. In *McCoy*, the supreme court stated:

> This case illustrates the difficulties that can arise in prosecuting domestic abuse crimes. The victim, respondent's wife, testified that she could not remember what she told the police regarding respondent's alleged assault. No one else was able to provide eyewitness testimony regarding the events that transpired. The district court's ruling allowing the admission of evidence of respondent's alleged prior assault of his wife allowed the state to present evidence that, if believed by the jury, could have assisted the jury by providing a context with which it could better judge the credibility of the principals in the relationship.

682 N.W.2d at 161.

Similar to the victim in *McCoy*, M.S. testified that she is not afraid of appellant and that despite what she told police, appellant did not hit her during any of the charged incidents. M.S.'s testimony was also consistent with appellant's trial testimony. In light of appellant's and M.S.'s testimony, the relationship evidence was probative to establish the context of appellant's and M.S.'s relationship. *See State v. Lindsey*, 755 N.W.2d 752, 756 (Minn. App. 2008) ("Evidence that helps to establish the relationship between the victim and the defendant or which places the event in context bolsters its probative value."), *review denied* (Minn. Oct. 29, 2008). Although it was also very prejudicial for the same reason, it did not persuade by illegitimate means or give the state an unfair advantage. *See Bell*, 719 N.W.2d at 641 (stating that unfairly prejudicial evidence "is not merely damaging evidence, [or] even severely damaging evidence; rather, unfair prejudice is evidence that persuades by illegitimate means, giving one party an unfair advantage."). Rather, the testimony was offered to provide the context of appellant's relationship with M.S., and appellant had notice that the state would offer the relationship evidence.

Moreover, the danger of unfair prejudice in this case was low because the district court gave a cautionary instruction to the jury. *See State v. Waino*, 611 N.W.2d 575, 579 (Minn. App. 2000) (stating that the prejudicial effect of admitting relationship evidence can be mitigated by a cautionary instruction). We assume that juries follow instructions given by the district court and properly consider evidence. *State v. Vang*, 774 N.W.2d 566, 578 (Minn. 2009). The district court's cautionary instructions here "lessened the probability of undue weight being given by the jury to the evidence." *See State v.*

*Kennedy*, 585 N.W.2d 385, 392 (Minn. 1998). The district court therefore did not abuse its discretion by determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See State v. Olkon*, 299 N.W.2d 89, 101 (Minn. 1980) (noting that rulings on evidentiary matters, including whether the danger of unfair prejudice substantially outweighs the probative value of the evidence, rest within the district court's discretion).

**Affirmed.**